IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RODNEY TERRANCE CHEESE, | : |
| Petitioner, | : |
| v. | : Case No. 5:25-cv-426-MTT-ALS |
| Warden KOCHELLE WATSON,[1] | : |
| Respondent. | : |

**ORDER**

*Pro se* Petitioner Rodney Terrance Cheese, a prisoner at Johnson State Prison in Wrightsville, Georgia, was ordered to recast this civil action as either a habeas petition or a civil rights complaint under 42 U.S.C. § 1983. (Doc. 6). In accordance with that Order, Petitioner has now filed a petition for a writ of habeas corpus under 28. U.S.C § 2254 challenging his June 16, 2025 conviction and sentence for a probation violation in the Superior Court of Wilcox County, Georgia. (Doc. 8). He also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2).

The filing fee required in a habeas case is only $5.00. Petitioner's certified account statement shows that he had $100.00 deposited into his prison account just a month prior to his request to proceed IFP and that he used much of those funds for store and phone privilege purchases. (Doc. 2, at 4-5). Petitioner's use of deposited funds for discretionary spending clearly

---

[1] Petitioner lists "Judge Denise Fachini" and others as the Respondents on his 28 U.S.C. § 2254 form. However, Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Petitioner is confined in Johnson State Prison and the warden of that facility is Kochelle Watson. *See* https://gdc.georgia.gov/press-releases/2024-06-04/new-warden-johnson-state-prison (last visited November 17, 2025). Therefore, Warden Kochelle Watson should be named as the correct Respondent. The Clerk is **DIRECTED** to amend the Docket to show the present civil action is now a writ of habeas corpus and to list Respondent as Warden Kochelle Watson.

indicates that he can pay the filing fee. *See Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989). Furthermore, even after his discretionary spending, Petitioner had $19.08 left in his inmate trust account which is more than enough to pay the $5.00 filing fee. *Id.* at 4. Accordingly, Petitioner's motion to proceed IFP (Doc. 2) is **DENIED**.

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to pay the $5.00 filing fee. Petitioner should note that it is ***his responsibility*** to pay filing fees. Thus, Petitioner must arrange with prison officials to have the filing fee forwarded to the Court. Petitioner shall keep the Court informed of any future address change. Failure to comply with the Court's Order may result in the dismissal of this action. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 19th day of November, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE